**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PAULA TAYLOR, | Case No.: |
| Plaintiff, | |
| v. | |
| SEQUIM ASSET SOLUTIONS, LLC f/k/a FOCUS RECEIVABLES MANAGEMENT, | COMPLAINT AND DEMANDAS FOR JURY TRIAL |
| | (Unlawful Debt Collection Practices) |
| Defendant. | |

## COMPLAINT

PAULA TAYLOR ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SEQUIM ASSET SOLUTIONS, LLC f/k/a FOCUS RECEIVABLES MANAGEMENT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

- 1 -

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Somerville, Massachusetts 02145.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of the Defendant's business.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

13. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt incurred for personal, family or household purposes.

14. Beginning in or around the summer of 2016 and continuing through February 2017, Defendant repeatedly contacted Plaintiff by calling her cellular telephone phone in its attempts to collect a debt.

15. Defendant's calls originated from phone numbers that include, but are not limited to, the following number: (866) 664-2513. The undersigned has confirmed that this telephone number belongs to Defendant.

16. Plaintiff told Defendant's collectors to stop calling in or around August 2016.

17. Once Defendant was aware that its calls were unwanted, its continued calls served no purpose other than to harass Plaintiff.

18. In spite of Plaintiff's demands to cease and desist calling her cellular telephone, Defendant continued to call Plaintiff repeatedly and continuously through February 2017.

19. Finally, Defendant also failed to send Plaintiff written correspondence setting forth her rights pursuant to the FDCPA within five days of its initial contact with her.

## COUNT I
## DEFENDANT VIOLATED §1692d OF THE FDCPA

20. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22. Defendant violated both sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call knowing its calls were unwanted.

## COUNT II
## **DEFENDANT VIOLATED §1692g OF THE FDCPA**

23. A debt collector, within five (5) days after the initial communication with the consumer ,violates the FDCPA by failing to send the PNC a written notice containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the PNC disputes the debt within thirty days after receiving this written notice, the debt will be presumed to be valid by the debt collector, a statement that if the consumer does notify the debt collector s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement that, upon the PNC's written request, the debt collector will provide the name and address of the original creditor.

24. Here, Defendant failed to send Plaintiff a written notice within five days after the initial communication with Plaintiff.

WHEREFORE, Plaintiff, PAULA TAYLOR, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PAULA TAYLOR, demands a jury trial in this case.

Respectfully submitted,

Dated: July 21, 2017        By: /s/ Craig Thor Kimmel, Esq.
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com